IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**CARLA TURNER,**

       **Plaintiff,**

**v.**                                                                                                             1:13-CV-01162-JDB-cgc

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social**
**Security,**

       **Defendant.**

---

**REPORT AND RECOMMENDATION**

---

Plaintiff Carla Turner filed this action to obtain judicial review of her application for a period of disability and/or all insurance benefits for which she may be eligible under Title II and Part A of Title XVI of the Social Security Act (the "Act"). This case has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is recommended that the decision of the Commissioner be AFFIRMED.

Plaintiff filed her initial application for child disability benefits and supplemental security income ("SSI") on June 11, 1974, alleging disability since June 1, 1971. (R. at 15). She received child disability benefits until they were terminated in November 1979 due to marriage. (*Id.*) On December 10, 2009, Plaintiff filed an application for a period of disability and/or all insurance benefits for which she may be eligible under Title II and Part A of Title XVI, alleging disability beginning October 31, 1964. (*Id.*) The claim for child disability benefits was denied initially on December 15, 2009, and the claim for disability insurance benefits ("DIB") was

denied initially on December 19, 2009. (*Id.*) Both claims were opened for reconsideration on January 19, 2010, and a hearing was held on March 29, 2011 before an Administrative Law Judge ("ALJ"). (*Id.*)

On May 12, 2011, the ALJ issued a fully favorable decision concluding that Plaintiff was entitled to child disability under Section 202(d) of the Act commencing October 20, 1981 based upon the doctrine of collateral estoppel (*Id.*); however, after the decision was issued, an administrative error was discovered and the ALJ recalled the file to reconsider whether she was disabled under Section 216(I) and 223(d) of the Act and was re-entitled to child disability benefits under Section 202(d) of the Act (*Id.*). Upon reconsideration, the ALJ determined that Plaintiff's marriage precluded her to re-entitlement to child disability benefits on her father's earnings record. (R. at 17-18). The ALJ also again concluded, as he did initially and upon the first reconsideration, that Plaintiff was not entitled to DIB benefits because she did not have the required insured status. (R. at 17-18).

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); *Wyatt v. Secretary of Health & Human Services*, 974 F.2d 680, 683 (6th Cir.1992); *Cohen v. Secretary of Health & Human Services*, 964 F.2d 524, 528 (6th Cir.1992), and whether the correct legal standards were applied, *Landsaw v. Secretary of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir.1986).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. *See Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

On appeal to this Court, Plaintiff asserts six issues: (1) that she has been undisputedly been disabled her whole life, was properly awarded benefits as a child, and began drawing benefits before the Act was amended to cease benefits on marriage such that benefits never should have been terminated and the Commissioner should must pay retroactive benefits to 1979; (2) the ALJ correctly approved Plaintiff's Title II claim in the first decision, the Commissioner did not appeal the decision, and there was not cause to reopen or change the correct decision to take away her benefits under Title II; (3) the ALJ and Commissioner erred in finding that Plaintiff did not draw benefits until 1971, and her entitlement is considered under the Act before the 1965 Amendments; (4) the ALJ erred in her second decision by holding that Plaintiff only applied for benefits on her father's record when she applied for benefits to which she might be eligible, requiring a remand for a factual determination by the ALJ; (5) the ALJ and Commissioner failed to provide the benefit record of Plaintiff's mother under which Plaintiff may alternatively be eligible, while claiming that there was no alternative record to apply; and, (6) the purpose of the Act is to provide, not withhold, benefits to the aged and infirm, so any vagueness or inconsistency must be resolved in favor of the disabled claimant.

The Commissioner responds as follows: (1) that the November 1979 decision terminating Plaintiff's benefits is not properly before the Court; (2) that the ALJ properly reopened and

revised the May 12, 2011 decision; and, (3) the ALJ properly developed the record as to Plaintiff's initial award of child disability benefits and Plaintiff's lack of eligibility of re-entitlement of benefits on her father's earnings record after marriage and divorce.

At the outset, Section 405(g) states that, "after any final decision," any individual "may obtain review of such decision by a civil action." Thus, it is recommended that judicial review in this case is limited to whether the Commissioner's findings in the final decision made on July 18, 2011 are supported by substantial evidence and whether the correct legal standards were applied. As such, it is recommended that this Court may not review prior findings made in other ALJ decisions, including the November 1979 decision or May 2011 decision.

Further, in the July 18, 2011 decision, the ALJ set forth that Plaintiff's case was being reopened pursuant to 20 C.F.R. § 404.988(a), which states that a "determination, revised determination, decision, or revised decision may be reopened—(a) Within 12 months of the date of the notice of the initial determination, for any reason," and pursuant to 20 C.F.R. § 404.987(a), which states that "a determination or a decision made in your case which is otherwise final and binding may be reopened and revised by us." Plaintiff received written notice advising that the matter was being reopened and revised on July 14, 2011—approximately two months after the May 12, 2011 decision. The regulations do not state that the ALJ was limited in which grounds could be reviewed; on the contrary, the regulations state that the ALJ may review and revise the determination "for any reason." Accordingly, it is recommended that the ALJ did not err in reopening and revising the May 12, 2011 decision.

Next, Plaintiff raises several issues regarding whether the ALJ should have developed the record further in determining when Plaintiff began and continued receiving benefits. Plaintiff first argues that the ALJ and Commissioner erred in finding that Plaintiff did not draw benefits

until 1971 and that her entitlement is considered under the Act before the 1965 Amendments. This issue would require the Court to review the 1979 decision, which the Magistrate Judge has recommended is not proper pursuant to Section 405(g) as it is not the Commissioner's final decision. Thus, it is recommended that this issue is also not properly before the Court.

Plaintiff also argues that the ALJ erred in the final decision by holding (1) that Plaintiff only applied for benefits on her father's record when she actually applied for all benefits to which she might be eligible and (2) that the ALJ and Commissioner failed to provide the benefit record of Plaintiff's mother under which Plaintiff may alternatively be eligible while claiming that there was no alternative record to apply. However, the ALJ addressed these issues in his decision and the Appeals Council subsequently clarified the issue in denying Plaintiff's request for review. (R. at 3, 17-18). Specifically, the ALJ noted that, although Plaintiff was barred from re-entitlement to child disability benefits on her father's record under Section 202(d)(1) of the Social Security Act due to divorce, she did not appear to be barred from an initial entitlement to child disability benefits on another earning record if the other eligibility requirements were met. (R. at 17-18). Yet the ALJ did not find that Plaintiff had ever pursued benefits on her mother's record, as the record only contained evidence of Plaintiff's application on her father's record. (R. at 26, 30, 107). Further, the Appeals Council subsequently determined that "a review of [Plaintiff's mother's] earnings records shows she has no Social Security covered earnings, therefore, no benefits are payable on her records for lack of insured status." (R. at 3). Thus, it is recommended that the ALJ's determination as to whether Plaintiff may have been eligible for benefits on her mother's record was supported by substantial evidence.

Plaintiff argues that the purpose of the Act is to provide, not withhold, benefits to the aged and infirm, so any vagueness or inconsistency must be resolved in favor of the disabled claimant. The ALJ also agreed with Plaintiff's position on this issue, stating that "[w]hile this [result] appears to be philosophically at odds with the intent of the Social Security program for disabled children, it is nonetheless the state of the law and the claim for reentitlement must be and hereby is denied." (R. at 18). Upon review, the Court recommends that the ALJ's July 18, 2011 decision was supported by substantial evidence and that it should be affirmed.

**DATED** this 14th day of September, 2017.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**